DECISION
In this civil action the plaintiff attempts to appeal from a ruling or decision of the defendant State Board of Registration for Professional Engineers (hereinafter "the Board") pursuant toG.L. 1956 (1995 Reenactment) § 5-8-19 and G.L. 1956 (1993Reenactment) § 42-35-15.
The plaintiff has taken and flunked the examination for registration as a professional engineer four times. The duly adopted regulations of the Board prohibit any such person from taking the examination again. The Board has no discretion under those regulations to waive the regulation.
Section 5-8-19 permits any person aggrieved by any decisionor ruling of the Board to appeal to this Court under the provisions of chapter 35 of title 42 (the Administrative Procedures Act). In this case the Board has not rendered any decision or issued any ruling which is subject to appeal. Section5-8-19 obviously refers to decisions and rulings of the Board on matters which require notice and hearing. The plaintiff has not applied to take an examination for the fifth time and been refused. The plaintiff's challenge is not to any action the Board took with respect to his registration, but rather to the regulation, itself.
Section 42-35-15 permits any person aggrieved by the finalorder of a non-exempt agency in a contested case to obtain judicial review in this Court. Acts and rulings of any agency, which may not be final, may be reviewable immediately in any case in which review of the final agency order would not provide an adequate remedy.
According to § 42-35-1(c), "contested case" means aproceeding, including licensing, in which the legal rights, duties, or privileges of a specific party are required by law to be determined by an agency after an opportunity for hearing. The plaintiff does not claim on this appeal that he has been wrongfully denied registration, as to which he would be entitled to hearing before the Board under § 5-8-19. He challenges the denial by regulation of an opportunity to take an examination for the fifth time. There is no requirement by law that he have an opportunity to be heard as to his eligibility to take the examination. His denial is not a decision after such an opportunity. His denial is the result of the application of a duly adopted regulation having the force of law, which prohibits rather than requires that opportunity. The Board has neither acted, nor ruled, nor decided on any matter before it, nor has it issued any order, final or otherwise.
The plaintiff does not challenge the validity of the regulation in this proceeding in this Court.
Accordingly, this action must be dismissed for lack of jurisdiction.
The defendant will present a form of judgment for entry on reasonable notice to the plaintiff.